IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 APR 10 P 2: 52

| | |
|---|---|
| REGINA GORAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: 3:06cv323-DRB |
| ) | JURY DEMAND |
| ) | |
| MEADOWCRAFT, INC. ) | |
| D/B/A PLANTATION PATTERNS, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**I.  NATURE OF CASE**

1.  This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq., to recover unpaid wages and overtime compensation owed to the plaintiff. The defendant required the plaintiff to work in excess of forty hours a week without paying her overtime compensation.

**II.  JURISDICTION**

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

3.  The defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

**III.  PARTIES**

4.  The plaintiff resides in Tallapoosa County, Alabama and worked for the defendant from

1

October 2000 until April 8, 2005.  At all times material to this action, the plaintiff was an "employee" of the defendant as defined by §203(e)(1) of the FLSA.

5.    The defendant, Meadowcraft, d/b/a Plantation Patterns, (hereinafter "Plantation Patterns" or "defendant") is a corporation conducting business in the State of Alabama. At all times material to this action, the defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and the defendant was the plaintiff's employer as defined by §203(d) of the FLSA.

6.    At all times relevant to this action, the defendant employed the plaintiff in a salary position, which was for nearly a one year period prior to her termination.

## IV.    RELEVANT FACTS

7.    Meadowcraft is in the business of making outdoor metal furniture that is sent to various retail outlets around the country.

8.    The defendant hired the plaintiff in or around October 9, 2000 and paid her as an hourly employee.

9.    The plaintiff eventually moved into the Time and Attendance payroll clerk position, which, according to the defendant, was the position she held at the time her employment ended.

10.   Although the plaintiff was initially paid hourly, around June 2004, to avoid paying her overtime for work in excess of forty hours a week, the defendant changed the plaintiff's pay to salary.

11.   From approximately June 2004 until the final date of her employment, the plaintiff was paid a salary, and she received no wages or overtime compensation for any hours she

2

worked in excess of forty hours a week.

12. While she was paid a salary, the plaintiff's primary duty consisted of inputting payroll data, and she did not exercise discretion or independent judgment in performing her duties.

13. The defendant did not pay the plaintiff overtime she was entitled to receive for the hours she worked in excess of forty hours a week.

14. The defendant was aware that the plaintiff had been working in excess of forty hours a week without compensation for those overtime hours.

15. The defendant's actions in failing to compensate the plaintiff, in violation of the FLSA, were wilful.

16. The defendant has not made a good faith effort to comply with the FLSA.

## V. CAUSES OF ACTION

### A. Failure to Pay Wages and Overtime in Violation of the FLSA

17. The services performed by the plaintiff were a necessary and integral part of and directly essential to the defendant's business.

18. The plaintiff was required to work hours in excess of forty hours a week and was not compensated for those overtime hours.

19. The defendant has willfully and intentionally failed and/or refused to pay the plaintiff for wages and overtime rates according to the provisions of the FLSA.

20. For at least three years, the defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to pay overtime pay when employees perform overtime work. Despite this knowledge, the defendant has failed to pay the plaintiff the mandatory overtime wages as required by the FLSA.

21.     As a result of the defendant's violations of the FLSA, the plaintiff has suffered damages by failing to receive overtime wages in accordance with the FLSA.

22.     In addition to the amount of unpaid overtime wages owed to the plaintiff, the plaintiff is also entitled to recover an additional equal amount as liquidated damages, prejudgment and post judgment interest.

**WHEREFORE** the plaintiff prays for the following relief:

1.     Award the plaintiff damages in the amount of her respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment and post-judgment interest;

2.     Enter an Order requiring the defendant to make the plaintiff whole by awarding her lost wages (plus interest), lost overtime (plus interest), liquidated damages, and pre and post judgment interest.

3.     Award the plaintiff reasonable attorneys' fees, including the costs and expenses of this action; and

4.     Award the plaintiff such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

_/s/ Jon Goldfarb_
Jon C. Goldfarb (ASB-5401-F58J)
Maury S. Weiner (ASB-8856-W86M)
Kell A. Simon (ASB-0214-O77K)
Counsel for Plaintiff

4

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES**:
Meadowcraft, Inc.,
d/b/a Plantation Patterns
Corporate Office
4700 Pinson Valley Parkway
Birmingham, Alabama 35215