UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| REGINA GORAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:06CV323-DRB |
| MEADOWCRAFT, INC., ) | |
| ) | |
| Defendant. ) | |

### ANSWER

Meadowcraft, Inc. ("Meadowcraft") answers and otherwise responds to this Complaint as follows:

### FIRST DEFENSE

Plaintiff cannot establish the requirements for recovery of back wages or overtime under the FLSA.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

To the extent that the Plaintiff has failed to act in accordance with the applicable statutes of limitations or satisfy statutory conditions precedent, she is barred from proceeding.

## FOURTH DEFENSE

Defendant expressly denies, separately and severally, all other allegations of the Complaint not specifically admitted or otherwise responded to herein.

## FIFTH DEFENSE

Any damages are barred, reduced or set off by, *inter alia*, Plaintiff's compensated time-off, failure to work full-hours, and by any debts owed the employer.

## SIXTH DEFENSE

Neither injunctive nor declaratory relief is available in private causes of action under the FLSA.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent not brought within the applicable statute of limitations period under the Fair Labor Standards Act ("FLSA"). Plaintiff's claims under the FLSA are subject to a two year statute of limitations.

## EIGHTH DEFENSE

Plaintiff cannot establish that Meadowcraft engaged in willful conduct within the meaning of the FLSA. Furthermore, Meadowcraft acted in good faith and therefore, even if Plaintiff can prove a violation of the FLSA, Plaintiff cannot recover liquidated damages.

## NINTH DEFENSE

Without admitting liability for any acts or omissions alleged in the Complaint, any acts or omissions complained of were undertaken or made in good faith, and/or conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor or the courts.

## TENTH DEFENSE

Plaintiff is not entitled to liquidated damages even if she can prove a violation of the FLSA, because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith and Meadowcraft had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

## ELEVENTH DEFENSE

Plaintiff is not entitled to any recovery in this action because she is subject to one or more exemptions from the minimum wage and/or overtime requirements of the FLSA, including but not limited to the administrative exemption, 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.2 et seq.; 29 C.F.R. § 541.200 et. seq.

## TWELFTH DEFENSE

Meadowcraft is due to be dismissed to the extent Plaintiff's employment or Meadowcraft's business is not covered by the FLSA, because of any exemptions to

the Act, because Plaintiff is not a statutory "employee," was not engaged in commerce, or otherwise.

### THIRTEENTH DEFENSE

Plaintiff is covered by one or more exemptions to the minimum wage and/or overtime requirements of the FLSA and thus Plaintiff is not entitled to additional wages, or other damages as alleged in the Complaint.

### FOURTEENTH DEFENSE

Assuming, arguendo, that Plaintiff could recover damages in this action, Plaintiff cannot recover for non-compensable or *de minimis* matters and Plaintiff's claims would be subject to setoffs and deductions.

### FIFTEENTH DEFENSE

Plaintiff is estopped from claiming additional compensation by her continued acceptance of wages, her submission of time records and other documents, and/or other actions or omissions.

### SIXTEENTH DEFENSE

Plaintiff is not entitled to a jury trial on any claims for equitable relief.

### SEVENTEENTH DEFENSE

At all times, Meadowcraft acted in compliance with the reasonable standards of the industry in question.

## EIGHTEENTH DEFENSE

Plaintiff does not have standing to assert certain claims.

## NINETEENTH DEFENSE

To the extent the defenses of res judicata, collateral estoppel, claim or issue preclusion, and/or judicial estoppel become applicable in this matter; Meadowcraft asserts them in this case.

## TWENTIETH DEFENSE

One or more of Plaintiff's claims are barred by Plaintiff's contributory negligence.

## TWENTY FIRST DEFENSE

Meadowcraft avers that the present action by Plaintiff is taken in bad faith and that Plaintiff is responsible for all costs of litigation incurred by Meadowcraft, including but not limited to attorney's fees.

## TWENTY SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and the doctrine of laches.

## TWENTY THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, full payment, estoppel, waiver, and ratification.

### TWENTY FOURTH DEFENSE

Meadowcraft adopts all defenses and limitations under the Fair Labor Standards Act and applicable state laws.

### TWENTY FIFTH DEFENSE

Plaintiff cannot establish that Meadowcraft had a knowing or reckless disregard for whether Meadowcraft's conduct was prohibited by the FLSA or any applicable state laws or regulations.

### TWENTY SIXTH DEFENSE

Meadowcraft reserves the right to raise additional affirmative defenses that it later determines are applicable as a result of discovery or otherwise.

### TWENTY SEVENTH DEFENSE

In response to the separately numbered paragraphs of Plaintiff's Complaint, Meadowcraft incorporates each of its defenses and answers as follows:

1. Meadowcraft admits that this lawsuit is brought under the Fair Labor Standards Act ("FLSA") and that Plaintiff claims she is due additional wages and overtime. Meadowcraft denies that Plaintiff is due any overtime, denies the alleged violation of the FLSA and denies that Plaintiff is entitled to any recovery or award in the lawsuit. The remaining allegations made in Paragraph 1 are denied.

2. Meadowcraft admits that this Court has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"). The remaining allegations made in Paragraph 2 are denied.

3. Meadowcraft admits that it is subject to personal jurisdiction for purposes of this lawsuit.

4. Meadowcraft does not have sufficient information to admit or deny that Plaintiff is a resident citizen of Tallapoosa County, Alabama and therefore denies the same. Meadowcraft admits that Plaintiff worked for Meadowcraft, but denies that the allegations of this paragraph relating to the term "employee" require a response as they seek a legal conclusion. To the extent a response is required to such allegation, Meadowcraft denies it. Except as expressly admitted herein, Meadowcraft denies the allegations made in Paragraph 4.

5. Plaintiff does not define "at all times material" and therefore Meadowcraft denies the allegations to the extent they relate to such terms. Meadowcraft admits that it is a corporation conducting business in the state of Alabama. The remainder of Plaintiff's allegations seek a legal conclusion and therefore do not require a response. To the extent a response is required, Meadowcraft denies the remainder of the allegations made in Paragraph 5.

6. Plaintiff does not define "at all times relevant" and therefore

Meadowcraft denies the allegations to the extent they relate to such terms. Meadowcraft admits that it employed Plaintiff and paid her a salary during a part of her employment with Meadowcraft. To the extent not admitted herein, Meadowcraft denies the allegations made in Paragraph 6.

7. Meadowcraft admits that it makes outdoor metal furniture that is sold, in part, in retail outlets. To the extent not admitted herein, Meadowcraft denies the allegations made in Paragraph 7.

8. Meadowcraft admits that Plaintiff was employed beginning on or around October 2000 and that she was paid an hourly wage during part of her employment with Meadowcraft. Except as expressly admitted herein, the allegations made in Paragraph 8 are denied.

9. Meadowcraft admits that Plaintiff worked, during part of her employment with Meadowcraft, in a position for which she was responsible for time and attendance information. Except as expressly admitted herein, the allegations made in Paragraph 9 are denied.

10. Meadowcraft admits that Plaintiff was paid an hourly wage during a part of her employment with Meadowcraft and that she was paid a salary during a part of her employment. Except as expressly admitted herein, the allegations made in Paragraph 10 are denied.

11. Meadowcraft admits that Plaintiff was paid a salary during a part of her employment. Except as expressly admitted herein, the allegations made in Paragraph 11 are denied.

12. Meadowcraft denies the allegations made in Paragraph 12.

13. This statement alleges conclusions of law and requires no response by Meadowcraft. To the extent a response is required, Meadowcraft denies the allegations made in Paragraph 13.

14. Meadowcraft denies the allegations made in Paragraph 14.

15. Meadowcraft denies the allegations made in Paragraph 15.

16. Meadowcraft denies the allegations made in Paragraph 16.

17. This statement alleges conclusions of law and requires no response by Meadowcraft. To the extent a response is required, Meadowcraft asserts that Plaintiff's allegations are too broad and therefore denies the allegations made in Paragraph 17.

18. Meadowcraft denies the allegations made in Paragraph 18.

19. Meadowcraft denies the allegations made in Paragraph 19.

20. Meadowcraft denies the allegations made in Paragraph 20 as they are a mischaracterization of the applicable legal standards.

21. Meadowcraft denies the allegations made in Paragraph 21 and denies that Plaintiff is entitled to any relief, award or remedy whatsoever.

22. Meadowcraft denies the allegations made in Paragraph 22 and denies that Plaintiff is entitled to any relief, award or remedy whatsoever.

23. Meadowcraft denies the allegations made in the unnumbered paragraph constituting Plaintiff's prayer for relief and subparts 1-4 thereof. Meadowcraft further denies that Plaintiff is entitled to any relief, award, remedy or fees whatsoever. Meadowcraft further denies that injunctive or declaratory relief is available in a private cause of action under the FLSA and denies that pre-judgment interest would be available in addition to liquidated damages.

WHEREFORE, Meadowcraft prays that the Plaintiff have and recover nothing of it; that this action be dismissed with prejudice; and that Meadowcraft have and recover of the Plaintiff its court costs and litigation expenses, including reasonable attorneys' fees, and such other and further relief as is just and proper.

This the 4th day of May, 2006.

    s/ T. Matthew Miller
    T. Matthew Miller (ASB-2129-I66T)
    Laura A. Palmer (ASB-4739-A46P)

    Attorneys for Meadowcraft, Inc.
    Bradley Arant Rose & White LLP
    One Federal Place
    1819 Fifth Avenue North

>Birmingham, AL 35203-2104
>Telephone: (205) 521-8000
>Facsimile: (205) 521-8800
>E-mail: mmiller@bradleyarant.com
>E-mail: lpalmer@bradleyarant.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 4th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jon C. Goldfarb
>Maury S. Weiner
>Kell A. Simon
>Wiggins, Childs, Quinn & Pantazis, LLC
>The Kress Building
>301 19th Street North
>Birmingham, Alabama 35203

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None

>s/ T. Matthew Miller
>T. Matthew Miller (ASB-2129-I66T)
>Bradley Arant Rose & White LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2104
>Telephone: (205) 521-8000
>Facsimile: (205) 521-8800
>E-mail: mmiller@bradleyarant.com